United States Courts
Southern District of Texas
FILED

NOV 1 3 2006

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

DAVID C. & SYLVIA JOHNSON,           §
    Plaintiffs,                          §
                                         §
v.                                   §
                                         §
                                         §    **G  06-714**
BANK OF AMERICA, N.A.,               §
FIRST PRESTON MANAGEMENT,            §    CIVIL ACTION NO. ___06-714___
CHRISTI PROPERTIES, MELISSA          §
NUCETE, MARY M. SPEIDEL,             §
STEPHEN P. MELINDER, JR.,            §
RACHEL U. DONNELLY,   and            §
DODILIS & STAWIARSKI, P.C.,          §
    Defendants.                          §

## COMPLAINT FOR DECLARATORY JUDGMENT, SECURITIES FRAUD, RICO, AND CLASS ACTION

1.    Plaintiffs David C. & Sylvia Johnson are individual natural persons residents and citizens of the State of Texas.

2.    Defendant Bank of America, N.A., is a corporation with its principal place of business in Charlotte, North Carolina.

3.    First Preston Management, Inc., is a corporation with headquarters at 5040 Addison Circle, Suite 400, Addison, Texas 75001.

4.    Christi Properties is either the dba of or a corporation owned by Melissa Nucete, with office located at 5350 S Staples St Ste 206, Corpus Christi, TX 78411.

5.    Mary M. Speidel, Stephen P. Melinder, Jr., Rachel U. Donnelly, and Dodilis & Stawiarski, P.C. are attorneys (with the firm of Dodilis & Stawiarski) with offices at 650 North Sam Houston Parkway East, Suite 450, Houston, Texas 77060

6.    The United States District Court for the Southern District of Texas has Federal Question jurisdiction over Plaintiff's complaint in this lawsuit, pursuant to Plaintiff's

Civil Rights claims arising under 28 U.S.C. §1343, 1443(1) and 42 U.S.C. §§1983, 1985, 1988, Plaintiff's RICO Claims arising under 18 U.S.C. §1964(c), and Plaintiff's Securities Fraud Claims stated under SEC Rule 10b-5 promulgated under the Securities Exchange Act of 1934.

7.    As a preliminary matter, Plaintiffs DAVID C. & SYLVIA J. JOHNSON, allege that there is a civil rights crisis of major proportions in Texas at least resulting from the collusion between mortgage lenders and the courts and sheriffs of Texas acting under colour of law to deprive Plaintiffs of their rights to liberty and property without due process of law, and Plaintiffs accordingly ask this Court to declare and adjudge that the civil rights secured by these statutes apply equally to white as well as non-white people within the United States.

8.    Any contrary interpretation of 28 U.S.C.§1443(1) and 42 U.S.C. §§1981, 1982 and 1985 as applying only to people of African-American (Black) and/or other non-Caucasian ethnic groups is a violation of the guarantee of equal protection under the 14th Amendment, and that any judicial holdings limiting challenges to civil rights by reason of race or ethnicity are themselves unconstitutional.

9.    The Plaintiffs herein (proceeding *pro se*) removed a related cause from Texas J.P. Court for Jim Wells County, Texas, asserting both civil rights and diversity grounds for removal, on September 14, 2006, after Defendant BANK OF AMERICA, N.A. filed a Forcible Detainer action in State Court on or about September 5, 2006, served on or about September 13, 2006.

10.    BANK OF AMERICA, N.A., acted at all times relevant to this complaint by and through its attorneys MARY SPEIDEL, Stephen P. Melinder, Jr., Rachel U. Donnelly,

and their firm Dodilis & Stawiarski, P.C., who acted with full knowledge of the wrongful

actions taken by the Defendant BANK OF AMERICA and its agent FIRST PRESTON

MANAGEMENT, INC..

### FIRST DECLARATORY JUDGMENT: UNCONSTITUTIONALITY OF TEXAS FORCIBLE DETAINER ACTIONS (DENIAL OF DUE PROCESS)

11.    Plaintiffs reallege all the material allegations of ¶¶1-10 and incorporate the same

by reference as if fully copied and restated herein.

12.    CLASS ACTION ALLEGATIONS: Plaintiffs David C. and Sylvia Johnson

allege that they are members of a large class of individuals in the State of Texas who

have been subjected to or threatened with unconstitutional takings of property and

eviction procedures instituted pursuant to the Forcible Entry & Detainer Rules 738-751 of

the Texas Rules of Civil Procedure.

13.    In particular, TRCP Rule 746 entitled "Only Issue" which allows a malicious

mortgagee (or servicer of an alleged mortgagee), such as the Bank of America, to conduct

a secret sale of property without notice or any formal foreclosure and then to seize

property such as that of Plaintiffs David & Sylvia Johnson, without ever litigating or

adjudicating the merits of title.

14.    Plaintiffs further allege that the customs, practices, and policies of this state

(executed by public-private cooperation under colour of law) permit seizure of property

under color of law by court order without due process, and that thousands of people each

year are wrongfully evicted and dispossessed of their property in this manner.

15.    INDIVIDUAL ALLEGATIONS: Plaintiffs David & Sylvia Johnson allege and

will show that Defendant BANK OF AMERICA cited the relevant and specifically

challenged provisions of the Texas Rules of Civil Procedure in ¶¶V-VI of BANK OF AMERICA's Petition for Forcible Eviction & Detainer, stating in VI:

> Texas Rules of Civil Procedures [*sic*] states that the only issue before the Court in this action is the "right to actual possession." The defendant cannot raise issues regarding the adequacy of the foreclosure, notices received or not received, or any attempted workouts or settlements.

16.     Plaintiffs, proceeding *pro se*, thus expressly and individually deprived of their right to answer, contest, or litigate any aspect of BANK OF AMERICA's actions in State Court, by State action in enforcing private interests under colour of State law, removed BANK OF AMERICA's forcible eviction and detainer to Federal Court in order to file a counterclaim against the Bank of America, N.A., to allege and prove that Bank of America, N.A., acting by and through its agents, has taken advantage of customs, practices, and policies implemented under color of state laws which deprive honest borrowers of their property without due process of law; this original action was remanded to State Court without regard to Plaintiff's original counterclaim, upon which this complaint is largely developed.

17.     Defendant BANK OF AMERICA, N.A., acting by and through its attorneys and counselors, Mary Speidel and the other attorneys Defendants Dodilis & Stawiarski herein, conducted a foreclosure sale against Plaintiffs David C. JOHNSON (and/or all other occupants) without ANY notice or opportunity to respond, in violation of due process of law, a right secured to the people by the Fifth Amendment to the Constitution, incorporated to the States through the Fourteenth; Plaintiffs filed their notice of removal to this court within 30 days of their first actual notice of that sale, but the counterclaim was remanded without regard to the Federal Question jurisdiction, and for that reason Plaintiffs were forced to refile this their present complaint.

18.     On or about Tuesday, August 15, 2006, Plaintiffs David & SYLVIA JOHNSON
were approached by a person, a stranger who identified herself as Cherry Coleman,
representing Defendant FIRST PRESTON MANAGEMENT, INC., who stated that she
had come to order the Plaintiffs to leave their property and that she was there to help
them clean out.

19.     As of that date, Plaintiffs had no idea their property had been foreclosed or sold,
but Cherry Coleman acting on behalf of Defendant FIRST PRESTON MANAGEMENT,
INC., had no court order or other indicia of official action or authority in her possession.

20.     Subsequently, starting on Wednesday, August 16, 2006, the Plaintiffs by their
own independent investigation verified that a trustee's foreclosure sale had taken place,
and that Defendant Bank of America, N.A., appeared to have sold their property to itself
in what can only be described as a matter of self-dealing transactions, part of its general
device, scheme, or artifice to defraud.

21.     Because Plaintiffs David & Sylvia Johnson did not vacate pursuant to Cherry
Coleman's instructions rendered on behalf of Defendant FIRST PRESTON
MANAGEMENT, INC., Bank of America filed the present action as an eviction action,
predicated on a foreclosure sale of which the Defendant BANK OF AMERICA, N.A.,
had given the Plaintiffs neither actual nor constructive notice.

22.     To the degree that this foreclosure was sanctioned by the State of Texas, it
constituted a taking of property without due process of law, and the Plaintiffs intend
hereby to challenge the constitutionality of all Texas laws, customs, practices, or policies
sanctioned under colour of law which support the actions of the Defendant BANK OF
AMERICA, N.A, and other predatory mortgage lenders similarly situated who implement

*David C. & Sylvia J. Johnson's Complaint for Declaratory Judgment & Damages for Fraud re:*
*Unconstitutionality of Texas Forcible Detainer Procedures & Illegality of Predatory Lending*
*Practices by "Mortgagees" Who Lack Legal or Equitable Interest in Mortgage Notes*                5

similar policies, in conducting secret foreclosure proceedings (judicial or non-judicial) including but not limited to the judicial or non-judicial seizure of possession of property.

23.     Plaintiffs (and all other members of the class of mortgagors and property holders subject to eviction to which class David & Sylvia Johnson belong and represent in this present action) have been denied and cannot enforce their right to due process of law pursuant to the 5th and 14th Amendments to the United States Constitution because (a) the statutes and state court rules authorizing forcible eviction and detainer cases in Texas do not actually allow defendants an opportunity fully and adequately to defend themselves when sued by a Plaintiff (such as Defendant herein, Bank of America, N.A.) without standing (the rules applicable to J.P. eviction courts forbid the litigation of any issues, including the constitutionally pre-requisite issue of standing to sue for eviction) and (b) the customs, practices, and policies of the Justice Courts throughout the State of Texas, including but not limited to JIM WELLS COUNTY, reinforce these rules.

## SECOND DECLARATORY JUDGMENT:
## BANK OF AMERICA NOT HOLDER IN DUE COURSE

24.     Plaintiffs reallege all the material allegations of ¶¶1-23 and incorporate the same by reference as if fully copied and restated herein.

25.     Plaintiffs David and Sylvia Johnson allege that BANK OF AMERICA has filed suit and is proceeding without legal capacity, without constitutional standing, and in fact under false pretenses when it claims the right to foreclose on their note, subject of the litigation in this action.

26.     David C. and Sylvia J. Johnson executed a mortgage note on or about June 27, 2003 in favor of the BANK OF AMERICA, N.A.,

27.    After that date, however, Plaintiffs David & Sylvia Johnson allege that BANK OF AMERICA, N.A., securitized and sold their note prior to the date when BANK OF AMERICA, N.A., apparently started to refuse to make automatic mortgage payments (sometime during the Spring of 2006), then accelerated the Johnson's note, all prior to conducting BANK of AMERICA's very bizarre self-dealing "sale-to-self" foreclosure sale on a national banking holiday (July 4, 2006).

28.    As a direct factual legal result of its prior securitization and sale of the Johnson's note, BANK OF AMERICA, N.A., gave up legal and equitable interests in the note, and so lost its status as "holder" of the Johnsons' note under Texas law.

29.    Thereafter, BANK OF AMERICA had no standing after securitization and sale of the JOHNSON's note to collect any amounts due on the note, to sue the JOHNSON'S at all, and the J.P. Court accordingly had no jurisdiction to hear BANK OF AMERICA's Forcible Detainer Petition because BANK OF AMERICA lacked constitutional standing.

30.    As described and alleged above, the Plaintiffs DAVID C. & SYLVIA J. JOHNSON were and are still expressly forbidden, under the Texas Rules of Civil Procedure, according to the terms of the Forcible Detainer Petition filed by Bank of America in Jim Wells County, and according to the customs, practices, and policies of the Texas J.P. Courts in enforcing and implementing these rules, all in violation of the terms of the 5th and 14th Amendments to the United States Constitution.

31.    Texas law is clear that "standing is jurisdictional" but since the State Courts of Texas do not enforce Texas Law, the Plaintiffs turn to this Federal Court as their last best hope of just relief.

32.    BANK OF AMERICA, N.A., by selling and securitizing the Johnsons' note, has already recovered (i.e. been paid fair market value) any investment it had made in the Johnsons' note, and thus had no "injury standing" or "personal stake" (as a "corporate person" within the meaning of the 14th Amendment).

33.    Accordingly, the JOHNSONS' now sue BANK OF AMERICA in this court for a declaration that all proceedings (including the non-judicial foreclosure as well as the attempted eviction by Forcible Detainer) are null and void due to a lack of jurisdiction, in that BANK OF AMERICA was not entitled to ENFORCE, much less to file suit on a contract in which it had already sold all its rights.

34.    Plaintiffs DAVID C. & SYLVIA J. JOHNSON here sue pursuant to 28 U.S.C. §§2201-2202 and accordingly ask the Court to declare that BANK OF AMERICA, N.A., is a party without legal capacity or standing to invoke the jurisdiction of the Court, but attempted to proceed under false premises.

35.    Plaintiffs DAVID C. & SYLVIA J. JOHNSON ask this court to examine and hear all the facts relating to BANK OF AMERICA's status or lack of status as holder in due course of Defendants' June 2003 note, and upon final trial-by-jury, demand for which is hereby made, that upon the jury's findings, this U.S. District Court declare the rights, obligations, and other legal relations of the Plaintiff BANK OF AMERICA, N.A., and Plaintiffs David C. & Sylvia J. Johnson, as any and all other interested parties (including the members of the proposed class, see below), and that the court declare and determine that Plaintiffs are entitled to further relief by way of damages for wrongful foreclosure.

36.    Plaintiffs David & Sylvia Johnson ask this court to grant all such other and further relief as may be necessary and proper to enforce or implement its judgment, based on the

declaratory judgment or decree resulting from the trial of this case, against BANK OF AMERICA, N.A., and in favor of the JOHNSONS after these parties' rights have been determined by such judgment.

37.    The Plaintiffs filing of this complaint to void all proceedings (including but not limited to the self-dealing "sale to self" conducted by Bank of America, N.A., on July 4, 2006) is necessary and proper and the Johnsons should accordingly be awarded all their costs and attorneys' fees in this litigation incurred.

### SPECIFIC APPLICATION OF TEXAS LAW TO MORTGAGE NOTES

38.    Tex. B&C 3.303 states: "an instrument is issued or transferred for value if: (1) the instrument is used or transferred for a promise of performance, to the extent the promise has been performed."

39.    BANK OF AMERICA was only the holder in due course of the Johnsons' June 2003 note if, at the time of attempting accelerated the Johnsons' note, sometime during the Spring of 2006, BANK OF AMERICA still possessed both legal and equitable (beneficial) interests in the JOHNSONS' note.

40.    BANK OF AMERICA would have lost both legal and equitable rights by a transfer supported by promises to any other party through sale and securitization of the JOHNSONS' note as part of a mortgage bundle or package if these promises had actually been performed.

41.    In fact, BANK OF AMERICA DID securitize and sell the Johnsons' note (and thousands of other notes issued or granted by other members of the Plaintiff class, *infra*).

42.    BANK OF AMERICA has nowhere in its previously pleadings in the forcible eviction and detainer claimed to be holder in due course of the Johnsons' note but the

"Substitute Trustee's Deed" (Exhibit "B" to the Forcible Detainer Petition) does recite that the Johnson's "note together with the liens securing same was transferred and assigned in due course for value before maturity to BANK OF AMERICA, N.A."

43.    Thus BANK OF AMERICA, by relying on this substitute trustee's deed, has admitted that its standing to sue is dependent upon its ability to prove both legal and equitable ownership of the Johnsons' note, and if BANK OF AMERICA is required to prove its case, element by element, as a matter of due process, BANK OF AMERICA, will fail in its proof, and Plaintiffs would have been entitled to judgment as a matter of law in their favor.

44.    Texas state law, custom, practice, and policy forbids the Johnsons and all other (Texas Justice Court) defendants similarly situated from requiring the Plaintiff BANK OF AMERICA, N.A., and all other (Texas Justice Court) Plaintiffs similarly situated from the due process requirement that the Plaintiff bears the burden of proof on ALL ELEMENTS of the Plaintiffs' cause of action, including the basic pre-requisite element of constitutional standing and legal capacity to sue.

45.    Plaintiffs DAVID C. & SYLVIA J. JOHNSON accordingly request that all such laws, customs, practices, and policies which interfere with the rights of mortgagors and property holders to test the validity of alleged mortgagees' claims be declared unconstitutional under the Fifth and Fourteenth Amendments to the United States Constitution (and by way of supplemental jurisdiction.

46.    Plaintiffs further ask that this Court declare and adjudge that these same customs, practices, and policies be declared unconstitutional under the Texas Constitution provisions guaranteeing "due course of law" as well).

47.    David C. & Sylvia J. Johnson pray that Defendant BANK OF AMERICA, N.A., be required to disclose all documents relating to its transactions and relationship with purchasers of securitized bundles of mortgage notes and liens, that BANK OF AMERICA, N.A, be specifically required to disclose the current location and ownership of the Johnsons' note issued in June 2003, and that the Court further and finally declare and adjudge (pursuant to 28 U.S.C. §§2201-2202) whether BANK OF AMERICA currently has equitable interest or lawful title to the note executed by the Johnsons' in 2003, and what effect, if any the purported "sale" of the Johnsons' note, by BANK OF AMERICA to itself, had or might have had on the JOHNSONS' ownership or property interests in and reflected by the note.

48.    Tex. B&C 3.305 states: "....the right to enforce the obligation of a party to pay an instrument is subject to the following:...(B)...lack of legal capacity....that, under other law nullifies the obligation of the obligor.

49.    BANK OF AMERICA's lack of legal capacity to sue derives from the same source as BANK OF AMERICA's lack of legitimate ability to collect any amounts from the JOHNSONS: BANK OF AMERICA is not and was not the holder in due course of the JOHNSONS' note.

50.    Standing to sue is a matter of legal capacity and is jurisdictional in Texas (as it is throughout the American legal system).

51.    The holder in due course is the person or entity having both legal and equitable rights in a note; BANK OF AMERICA has neither, but has admitted by its pleadings (including exhibits and attachments) that it must be in order to collect, or to prevail in any manner in this action.

52.    The Court should declare and adjudge that BANK OF AMERICA has no legal capacity either to sue or collect on JOHNSONS' note pursuant to Texas Business & Commerce Code 3.303 and 3.305, and that BANK OF AMERICA falsely represented itself as having such capacity by and through its agents who executed and accepted the Substitute Trustees' Deed executed on Tuesday, July 4, 2006.

53.    Plaintiffs allege that BANK OF AMERICA's duplicity in this case is shown by the curiosity that the Substitute Trustees' Sale was supposedly executed on July 4, 2006, a national banking holiday, when all courts, state and federal, were closed, despite the recitation on the second page of "Substitute Trustee's Sale" that:

> said sale was conducted not earlier than 1:00:00 PM O'clock as set forth in the notice of sale and was concluded within three (3) hours of such starting time on the date for which said sale was advertised, offering the said land and premises for sale and conducting said sale in the area of the Courthouse designated by the Commissioners Court, pursuant to Section 51.002 of the Texas Property Code).

Exhibit "B" to Petition for Forcible Detainer, Second of "Substitute Trustee's Sale" page bearing "Bates" number: 375868 OR 955 21.

54.    Finally, Tex. B&C 3.306 defines rights or claims against persons other than a holder in due course of the instrument, whereby such a person "...taking an instrument...is subject to a claim of a property or possessory right in the instrument...and to recover the instrument or its proceeds."

55.    BANK OF AMERICA's status in this case is currently AT BEST that of a person or entity "other than a person having rights of a holder in due course".

56.    Accordingly, the Court should declare and adjudge that BANK OF AMERICA, N.A. is subject to the JOHNSONS' claims of property and possessory rights in the instrument which they signed, and which still exists, somewhere, although securitized, as

a bearer instrument which could be presented to them without notice by some person or entity other than BANK OF AMERICA, N.A.

57.     In conclusion, this Court should find, declare, and adjudge pursuant to 28 U.S.C. §§2201-2202, that if BANK OF AMERICA has transferred the JOHNSONS' note for promises performed under Texas B& C 3.303, BANK OF AMERICA had and has no legal capacity under 3.305, and is merely some "other person" subject to the JOHNSONS' claims under 3.306.

### SECURITIES FRAUD (SEC Rule 10b-5)

58.     Plaintiffs realleges §§1-57 and incorporate the same by reference herein.

59.     When a Mortgagee receives a NOTE from a Mortgagor, it receives a tangible and marketable asset, namely a SECURITY (a right to receive funds without provision of labor, goods, or services).

60.     BANK of AMERICA, N.A., by selling and securitizing the JOHNSON's note, had already recovered (i.e. been paid fair market value) any investment it had made in the JOHNSON's note, and thus had no "injury standing" or "personal stake" (as a "corporate person" within the meaning of the 14th Amendment).

61.     A Mortgagor pledges additional tangible assets by way of a Deed of Trust, but if the Mortgagee sells the note, Mortgagor owes NO obligations to the Mortgagee and Mortgagee's right to collect any funds from Mortgagor is extinguished.

62.     BANK of AMERICA, N.A., is such a mortgagee; David & Sylvia JOHNSON are such mortgagors; BANK OF AMERICA, N.A., has NO legal title to nor equitable interests in BANK of AMERICA's asset (the note which David & Sylvia JOHNSON created at the behest of BANK OF AMERICA, N.A., and it is now time to correct the

long chain of SECURITIES fraud as well as FRAUD IN THE INDUCEMENT which BANK OF AMERICA, N.A, committed and perpetrated against Plaintiffs DAVID & SYLVIA JOHNSON.

63.    Plaintiffs DAVID C. & SYLVIA J. JOHNSON also now sue pursuant to Section 10b-5 of the Securities and Exchange Act of 1934, which prohibits anyone:

> (a) To employ any device, scheme, or artifice to defraud,
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

64.    Plaintiffs DAVID C. & SYLVIA J. JOHNSON contend that the securitization of notes by mortgagees is a deceptive and misleading device, scheme, and artifice to defraud mortgagors such as themselves, in violation of Rule 10b-5, and that BANK OF AMERICA must be held liable for violations of the securities laws of the United States.

65.    Plaintiffs also here sue pursuant to 28 U.S.C. §§2202 which expressly permits further judicial review and relief against an adverse party whose rights have been determined, as also provided under Rule 60(b)(4) of the Federal Rules of Civil Procedure with regard to void judgments, including judgments void because a party without standing invoked the jurisdiction of the Court under false premises.

66.    Plaintiffs ask this court to examine and hear all the facts relating to BANK OF AMERICA's status or lack of status as holder in due course of Plaintiff's January 2003 note, and upon final trial-by-jury, demand for which is hereby made, that upon the jury's findings, this U.S. District Court declare the rights and other legal relations of the Plaintiff, Defendant, and any and all other interested parties.

67.    Plaintiffs ask this court to grant all such further relief as may be necessary and proper, including injunctive relief based on the findings or declaratory judgment or decree resulting from the trial of this case, against BANK OF AMERICA and in favor of Plaintiffs after these parties' rights have been determined by such judgment.

## RICO ALLEGATIONS: FIRST PRESTON, CHRISTI PROPERTIES (MELISSA NUCETI), & MARY M. SPEIDEL, STEPHEN P. MELINDER, JR., AND RACHEL U. DONNELLY, ACTING ON BEHALF OF THEMSELVES AS WELL AS BANK OF AMERICA, N.A.

68.    Plaintiffs reallege paragraphs 1-67 as if fully copied and restated herein.

69.    Plaintiffs here complain of FIRST PRESTON MANAGEMENT, INC., for an attempt to take possession of property by force, fraud, duress, and intimidation by harassment, acting in concert with Melissa Nuceti, Christi Properties, MARY M. SPEIDEL, STEPHEN P. MELINDER, JR., and RACHEL U. DONNELLY are attorneys with the Law Firm of Dodilis & Stawiarski, and all have violated 18 U.S.C. §§1962(a) by receiving income derived, directly or indirectly, from a pattern of racketeering activity, specifically through the strong-arm collection of unlawful debts.

70.    Defendants MARY M. SPEIDEL, STEPHEN P. MELINDER, JR.,   and RACHEL U. DONNELLY, acting on behalf of themselves as well as Bank of America, N.A., and First Preston Management have **committed these acts of racketeering** through force, fraud, duress, and intimidation by harassment, for the purpose of receiving income derived from a pattern of racketeering activity, in which all of the above have participated as principals within the meaning of section 2, title 18, United States Code, for having used and/or invested, directly or indirectly, any part of such income, and/or the proceeds of such income, in acquisition of any interest in, and/or the establishment or

operation of, any enterprise which is engaged in, and/or the activities of which affect, interstate or foreign commerce.

71.    The Law Firm of Dodilis & Stawiarski is an enterprise which is engaged in, and the activities of which affect, interstate commerce.

72.    Furthermore, in violation of 18 U.S.C. §1962(c), MARY M. SPEIDEL, STEPHEN P. MELINDER, JR., and RACHEL U. DONNELLY are employed by or associated with an enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity, specifically from the collection of unlawful debts, but also mail fraud and securities fraud.

73.    Furthermore, in violation of 18 U.S.C. §1962(d), MARY M. SPEIDEL, STEPHEN P. MELINDER, JR.RACHEL U. DONNELLY who are attorneys employed by or in control positions as directors or managing partners of the Law Firm of Dodilis & Stawiarski have agreed with First Preston Management, Inc., as well as Bank of America, and further agreed among themselves and conspired together with BANK OF AMERICA, FIRST PRESTON MANAGEMENT, and CHRISTI PROPERTIES (MELISSA NUCETI) to violate the provisions of 1962(a), 1962(b), and 1962(c).

74.    In specific violation of 18 U.S.C. §§1341 Defendant SPEIDEL and the Law Firm of DODILIS & STAWIARSKI have (during the summer of 2006, up to and including the present time while operating in and as "independently contracting" collection agents for BANK of AMERICA, N.A., and its property control agent FIRST PRESTON MANAGEMENT, INC.)----having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by unlawful duress, and

*David C. & Sylvia J. Johnson's Complaint for Declaratory Judgment & Damages for Fraud re:*
*Unconstitutionality of Texas Forcible Detainer Procedures & Illegality of Predatory Lending*
*Practices by "Mortgagees" Who Lack Legal or Equitable Interest in Mortgage Notes*     16

**75.** by means of false or fraudulent pretenses, representations, or promises and for the purpose of executing such scheme or artifice to coerce by unlawful duress, to defraud or for the purpose of attempting so to do---

**76.** placed in official U.S. post offices or authorized depositories for mail numerous letters touching upon Plaintiffs' obligations and property interests, payment history, and have purposely caused all these letters to be sent to other than Plaintiff's legal (Post Office Box) addresses, to ensure that Plaintiffs were denied actual notice of Defendants' fraudulent claims and collection efforts, which were and constituted nothing more than a sham to deceive the unwitting Texas State Courts into believing that the proper prerequisites to non-judicial or administrative foreclosure had been met.

**77.** MARY M. SPEIDEL, STEPHEN P. MELINDER, JR., RACHEL U. DONNELLY on behalf of Dodilis & Stawiarski, First Preston Management, and Bank of America, N.A., caused these letters to be sent or delivered via the U.S. Postal Service, and have also deposited or caused to be deposited other items to be sent or delivered by any private or commercial interstate carrier, and have also taken or received therefrom, numerous communications, and have knowingly caused various other items to be delivered by mail or such carrier according to the direction thereon.

**78.** By their actions, Defendants MARY M. SPEIDEL, STEPHEN P. MELINDER, JR., and RACHEL U. DONNELLY, acting on behalf of themselves as well as Bank of America, N.A., and First Preston Management have actually and directly caused injury to Plaintiffs David C. & Sylvia J. Johnson in their business & property interests.

**79.** Further, Defendants Mary M. Speidel, STEPHEN P. MELINDER, JR., and RACHEL U. DONNELLY, acting on behalf of themselves as well as Bank of America,

N.A., and First Preston Management have violated 18 U.S.C. §1344 by knowingly

executes, or attempts to execute, a scheme or artifice—to obtain any of the moneys,

funds, credits, assets, securities, and other property owned by Plaintiffs David C. &

Sylvia J. Johnson while such moneys, funds, credits, assets, securities, and other property

were under the partial or complete, direct or indirect, custody or control of, one or more

financial institutions (including but not limited to the Plaintiffs' former account at BANK

of AMERICA), by means of force, fraud, and unlawful duress including but not limited

to false or fraudulent pretenses, representations, or promises, and in so doing, Defendants

FIRST PRESTON MANAGEMENT, INC., Christi Properties Real and Mary Speidel,

and the attorneys of DODILIS & STAWIARSKI, have actually and directly caused

injury to Plaintiffs DAVID C. & SYLVIA J. JOHNSON in their business & property

interests, in violation of 18 U.S.C. §§1961-1962(a),(b),(c), and (d).

## CLASS ACTION ALLEGATIONS

80.     Plaintiffs DAVID C. & SYLVIA J. JOHNSON reallege the material allegations

of ¶¶1-68 and incorporate the same as if fully copied and restated herein below.

81.     Plaintiffs allege that they are members of a class of persons similarly situated,

who have been injured by BANK OF AMERICA, N.A., and other predatory mortgage

companies in similar ways; an epidemic of foreclosures is underway in this country

instigated by companies which have no standing.

82.     Class action lawsuits have already been initiated in U.S. District Court for the

Middle District of Florida (Jacksonville) and elsewhere against predatory mortgage

lenders such as BANK OF AMERICA, N.A., who lack full legal title to and equitable

interest in the notes which they seek to enforce or debts which they seek to collect.

*David C. & Sylvia J. Johnson's Complaint for Declaratory Judgment & Damages for Fraud re:
Unconstitutionality of Texas Forcible Detainer Procedures & Illegality of Predatory Lending
Practices by "Mortgagees" Who Lack Legal or Equitable Interest in Mortgage Notes*     18

83.    Joinder of all class members is impracticable because of the large number of class members, even if the class is limited to persons (mortgagors subject to wrongful foreclosure and eviction) residing within the State of Texas and whose mortgage notes comply only with Texas law.

84.    There are questions of law or fact common to the class, including the application of Texas Business & Commerce Code §§3.303, 3.305, and 3.306 to the status of BANK OF AMERICA, N.A., and other "lending"/"loan originators" as persons or entities who actually lack the status of holders in due course.

85.    BANK OF AMERICA, N.A., and other similar "lending"/"loan originating" entities have neither clear title nor equitable interest in the mortgage notes due to securitization of those notes and transfers without proportionate, meaningful, or valuable consideration, but BANK OF AMERICA, N.A., and similar "lending entities seek to enforce and collect debts and foreclose mortgages under false pretenses of being holders in due course.

86.    The claims of  Plaintiffs DAVID C. & SYLVIA J. JOHNSON, in short, are typical of the class to which they belong and which they here seek to represent and the JOHNSONS are suitable representatives of the class, and the JOHNSONS can fairly and adequately protect the interests of the injured Class whose interests they seek to represent.

87.    DAVID C. & SYLVIA J. JOHNSON have the same interests and have suffered the same injury as the other class members with regard to questions of being subject to misrepresentations and false claims of legal capacity to collect on debts or notes not held in due course as required by law.

88.    DAVID C. & SYLVIA J. JOHNSON are currently filing pro se but upon or before class certification will secure competent counsel.

89.    Class certification is proper because most of the victims of predatory mortgage lending practices such as Defendant BANK OF AMERICA, N.A., are unsophisticated purchasers of residential real estate who have no idea why their lenders will not work closely with them or show any interest in the resolution of debt problems.

90.    The reason for the transformation of the mortgage market is the disconnection between nominal enforcers or "servicers" and the actual investment or creation of money by the mortgage firms, i.e., the fact that securitization permits "lenders" to recoup their investments immediately and without any need actually to collect from "borrowers".

91.    If these questions are not consolidated as a class action, there is the real risk of inconsistent or varying adjudications, conflicting outcomes, and judicial decisions regarding these questions which would establish incompatible standards of conduct for both BANK OF AMERICA, N.A., and its nominal "borrowers" or "debtors."

92.    The remedy of declaratory judgment regarding the status of securitized notes in relation to the doctrine of holder-in-due course is generally applicable to all borrowers, lenders, and to BANK OF AMERICA, N.A., in particular, which every week registers more and more securities based on "mortgage note pools."

93.    A class action concerning these issues will not be difficult to manage in that the common questions of law and fact can mostly be established through examination of BANK OF AMERICA's own records and paperwork, so that the same discovery will benefit all class members equally, without duplication or variation, and common issues will predominate over individual class members affected by individual members.

94.    Either Defendant BANK OF AMERICA, N.A., was entitled (i.e., "had legal capacity") to sell the Johnsons' property to itself on a national banking holiday, and then to bring its original Forcible Detainer against the JOHNSONS or it was not and did not; the common questions of law and fact revolve around a common nucleus of fact concerning both business and legal customs, practices, and policies in the Texas mortgage business.

95.    A class action will serve to avoid the entry of void judgments in the future, and to clarify the way to voiding past judgments where Plaintiff BANK OF AMERICA and/or other predatory mortgage "lenders/loan originators" have obtained judgments in the past, and a class action thus serves the purposes of judicial economy.

96.    A void judgment is entitled to no res judicata or deference of any kind; and this is especially true where the void nature of the judgment was due to serious constitutional violations; the judgment of eviction against the JOHNSONS from the subject property was void and illegal and all related transactions (including any sale, such as Defendant FIRST PRESTON MANAGEMENT, Inc. is conducting on-line as of the filing of this complaint) should likewise be declared void.

97.    Plaintiffs DAVID C. & SYLVIA J. JOHNSON (and every other member of the alleged class of victims of BANK OF AMERICA's predatory mortgage practices) is entitled to know whether and how BANK OF AMERICA, N.A., became the servicer of notes which they had securitized and sold, whether BANK OF AMERICA even paid a penny for the privilege of collecting many pennies from the JOHNSONS and other parties, members of the class similarly situated, i.e., whether BANK OF AMERICA,

N.A., after "originating" the JOHNSONS' loan, was ever a holder in due course or owner of equitable interest in the JOHNSONS' debt & note.

98.    This Court should afford the JOHNSONS (and every other member of the alleged class victims of BANK OF AMERICA's predatory lending practices) the opportunity to obtain this information, as well as to require BANK OF AMERICA, N.A., to prove that it has standing NOW and TODAY to enforce a note in which it may have no legal or equitable interest.

99.    The Court should award attorneys' fees and costs of litigation to class counsel, pursuant to 28 U.S.C. §2201 et seq., for which Plaintiffs now pray.

## JURY DEMAND

Plaintiffs demand a trial-by-jury of all issues so triable in this cause of action for declaratory judgment and such other and further relief as may be necessary and proper pursuant to 28 U.S.C. §§2201-2202.    In particular, all questions of fact, and all mixed questions of fact and law should be tried to the jury in this case.

## PRAYER FOR RELIEF

Plaintiffs pray that upon final trial, this Court declare and adjudge the rights and relationships of the parties as follows:

(1)    That BANK OF AMERICA, N.A., securitized (i.e., made a note into a marketable security) and sold DAVID & SYLVIA JOHNSONS' note (executed and asset created in 2003) to parties unknown prior to accelerating the JOHNSONS' note sometime during the Spring of 2006 and that BANK OF AMERICA, N.A., was not a holder in due course of the JOHNSONS' note at any time after origination of the loan during 2003, 2004, 2005, or 2006.

(2)     That BANK OF AMERICA, N.A., violated Section 10b-5 of the Securities and Exchange Act of 1934 by creating a deceptive or manipulative device, scheme, or artifice to defraud, which has only now come to light, by treating Plaintiff David C. & Sylvia J. Johsnon's Note as a Securitized Asset without Notice to David & Sylvia Johnson, and thereby defrauded David & Sylvia Johnson of the benefit arising from and the profit derived from the sale of the asset (Securitized Note) which Plaintiffs created in 2003 which asset was transferred in good faith to BANK of AMERICA for value received.

(3)     That BANK OF AMERICA, N.A., has sold and securitized many thousands (perhaps millions) of notes in Texas issued by other mortgagors who constitute a class of parties similarly situated during the same time frame, and that by securitizing these notes, took status as "other than a holder in due course" under the Texas Business & Commerce Code.

(4)     That a certification of a class action is proper in this case, and that the declarations sought by Plaintiffs David C. & SYLVIA J. JOHNSON appropriately apply to and adequately represent the interests of all class members.

(5)     That BANK OF AMERICA, N.A., did not sustain, and indeed could not have sustained any practical financial injury from any alleged default on the part of the JOHNSONS' alleged, owing to the fact that BANK OF AMERICA, N.A., sold and securitized the JOHNSONS' note prior to any alleged date of any alleged default by the JOHNSONS.

(6)  This Court should declare that Plaintiffs DAVID C. & SYLVIA J. JOHNSON
have all such other and further rights to relief resulting from a declaratory
judgment in their favor in this case, and that Defendant BANK OF AMERICA,
N.A., should be required to compensate and indemnify the JOHNSONS for
damages resulting from wrongful foreclosure, illegal collection of debt and acts of
Racketeering, as well as Securities Fraud, plus damage to the Plaintiffs' credit,
pursuant to such other and further proceedings for proof of injury as this court
may allow or order to take place.

Respectfully submitted,

**ANDREA S. ATALAY**
**Attorney-at-Law**
**TEXAS BAR CARD: 24001670**
**10804 Ridgeway, Suite 220**
**JONESTOWN, Texas 78645**

**Telephone:    (512) 267-5656**
**Facsimile:    (512) 267-5657**

*David C. & Sylvia J. Johnson's Complaint for Declaratory Judgment & Damages for Fraud re:*    24
*Unconstitutionality of Texas Forcible Detainer Procedures & Illegality of Predatory Lending*
*Practices by "Mortgagees" Who Lack Legal or Equitable Interest in Mortgage Notes*

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DAVID & SYLVIA JOHNSON

## DEFENDANTS
BANK OF AMERICA, N.A., FIRST PRESTON MANAGEMENT, INC., CHRISTI PROPERTIES, DODILIS & STAWIARSKI, et al

(b) County of Residence of First Listed Plaintiff   JIM WELLS, TEXAS
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Mecklenberg, N. Carolina
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

*Southern District Courts*
*Filed*
NOV 1 3 2006
*Michael N. Milby, Clerk*

(c) Attorney's (Firm Name, Address, and Telephone Number)
Andrea S. Atalay, 10804 Ridgeway Drive, Suite 220, JONESTOWN, TEXAS 78645, (512) 267-5656

Attorneys (If Known)
unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☒ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. Section 1964(c) RICO; 42 U.S.C. Section 1983; SEC Rule 10b-5
Brief description of cause:
Illegal Foreclosure and Eviction Proceedings violated several different federal statutes

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE  Samuel Kent; Janice Graham Jack
DOCKET NUMBER  G-06-689; C-06-396

DATE  11/13/2006

SIGNATURE OF ATTORNEY OF RECORD  *Atalay*

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____